UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


| | |
|---|---|
| CRAIG SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF CAMDEN, et al.,<br><br>    Defendants. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 15-1129<br><br>**OPINION** |

**APPEARANCES**:

HARTMAN DOHERTY ROSA BERMAN & BULBULIA, LLC
By: Tal Z. Cushmaro, Esq.
65 Route 4 East
River Edge, New Jersey 07661
       Counsel for Plaintiff

HOLTZMAN & McCLAIN, PC
By:  Stephen D. Holtzman, Esq.
    Jeffrey S. McClain, Esq.
524 Maple Avenue, Suite 200
Linwood, New Jersey 08221
       Counsel for Defendant CFG Health Systems, LLC


**HILLMAN**, United States District Judge:

    Plaintiff, who at all relevant times, was incarcerated in the Camden County Correctional Facility, brings this § 1983 suit alleging that, in a case of mistaken identity, he was beaten in retaliation for his cellmate filing a grievance against correctional officers.  Plaintiff further asserts that he was denied adequate medical treatment from Defendant CFG Health

1

Systems for the injuries he asserts resulted from the alleged beating.

Presently before the Court is CFG's motion for summary judgment based on Plaintiff's admitted failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

For the reasons stated herein, the motion will be dismissed without prejudice with leave to renew, if necessary, after the Court decides CFG's later-filed motion for summary judgment on the merits of his 8th Amendment deliberate indifference to medical needs claim against CFG.[1]

## I.

Plaintiff alleges that on the night of January 26, 2013, Defendant Corrections Officers Vernon, Farlow, and Chukudi came into Plaintiff's cell while he slept and severely beat him. (Compl. ¶ 16)  Plaintiff asserts that the beating was in retaliation for the officer's mistaken belief that Plaintiff had requested a grievance form related to an incident he had observed earlier in the day. (Sanders Dep. p. 169)[2]

Plaintiff further alleges that despite numerous requests for medical treatment, Defendant CFG failed to adequately treat

---

[1] See Docket Entry # 78, filed on January 27, 2017.

[2] Plaintiff contends that it was actually his cellmate who requested a grievance form. (Sanders Dep. p. 169)

2

Plaintiff's resulting injuries, which ultimately led to Plaintiff's hospitalization and multiple surgeries on his right leg. (Compl. ¶ 18-19)

Relevant to the exhaustion analysis, it is undisputed that Plaintiff did not file any grievance concerning Defendant CFG's medical treatment of him. Plaintiff contends that he feared filing any grievance because corrections officers had already demonstrated that they would retaliate against inmates for simply asking for a grievance form.

Specifically, Plaintiff testified at his deposition:

Q: Did you obtain a grievance form and fill it out?

A: No.

Q: Why not?

A: Because I was in fear-- I was in fear of retaliation because I know how the jail thing go. I already know, when you fill it out, there's going to be some retri-- there's going to be something happen behind, there's going to be somebody retaliate.
   So, by the time that [corrections officers] passed the forms out, [inmates] never got the chance to return the forms in. [Corrections officers] passed the forms out at 6 o'clock at night. I was assaulted [at midnight].

(Sanders Dep. p. 201-02)

## II.

The question presented is whether the corrections officers' alleged actions, and Plaintiff's alleged fear of further retaliation, rendered the administrative grievance procedure at

3

the Camden County Jail "unavailable" to Plaintiff under the PLRA. *See* 42 U.S.C. § 1997e(a)(an inmate must exhaust such "administrative remedies as are available" before filing suit to challenge prison conditions).

The Supreme Court has recently identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief," and therefore not "'available.'" *Ross v. Blake*, 136 S.Ct. 1850, 1859 (June 6, 2016). The third circumstance is at issue here: the administrative process may be rendered unavailable under the PLRA "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," or when "officials misle[ad] or threaten[] individual inmates so as to prevent their use of otherwise proper procedures." *Id.* at 1860.

Thus, *Ross* supports the holding that fear of retaliation resulting from "threats or intimidation," 136 S.Ct. at 1859 n.3, can excuse a plaintiff's failure to exhaust. *Ross*'s facts did not implicate this particular exception, however, and therefore the Supreme Court had no occasion to elaborate on whether an inmate's fear of retaliation must be subjective, objective, or both. Indeed, the Court's citation to *Schultz v. Pugh*-- in which Judge Posner wrote, "the law governing unavailability of prison remedies on ground of intimidation is in some disarray. The case law

4

distinguishes between 'objective' and 'subjective' availability [and] it is unclear whether the prisoner should be required to satisfy both in every case," 728 F.3d 619, 620 (7th Cir. 2013)[3]-- suggests that the Supreme Court may have deliberately left this question open.

It is precisely this open question that is raised by the instant motion.  Relying on the undisputed fact that two days after the alleged assault, Plaintiff complained about the officers' conduct to Internal Affairs, CFG argues that the Court should not believe that Plaintiff truly feared retaliation for filing a grievance (i.e., Plaintiff had no subjective fear).

Additionally, CFG seems to suggest that filing a grievance against a medical provider is categorically different than filing a grievance against a corrections officer, such that no reasonable inmate would be deterred from filing a medical-related grievance, as opposed to a grievance based on the actions of a corrections officer (i.e., Plaintiff had no objective basis for his alleged subjective fear).

In the absence of any guidance from either the Supreme Court, or the Third Circuit on this issue[4], the Court declines to address

---

[3]   *See Ross*, 136 S.Ct. at 1860 n.3.

[4]   The Third Circuit has not addressed the question since *Ross* was decided.  Prior to *Ross*, it appears the issue had only been addressed in non-precedential opinions. *See, e.g., Verbanik v. Harlow*, 441 F. App'x 931, 933 (3d Cir. 2011)("retaliation or

it at this time.[5]  If the exhaustion issue is not mooted by the Court's decision on CFG's pending motion for summary judgment on the merits of Plaintiff's claim, CFG may refile the instant motion.  Accordingly, CFG's Motion for Summary Judgment for failure to exhaust administrative remedies will be dismissed without prejudice, with leave to renew after the Court renders its summary judgment decision on the merits of Plaintiff's claim against CFG.

### III.

For the reasons set forth above, the Motion for Summary Judgment will be dismissed without prejudice.

An appropriate Order accompanies this Opinion.

Dated: March 1, 2017                         __s/ Noel L. Hillman____
                                             **Noel L. Hillman, U.S.D.J.**
At Camden, New Jersey

---

threats of retaliation against an inmate for pursuing a grievance may make administrative remedies unavailable to the inmate. *See Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008); *Kaba v. Stepp*, 458 F.3d 678, 684-86 (7th Cir. 2006); *Hemphill v. New York*, 380 F.3d 680, 686-87 (2d Cir. 2004).  The test for determining whether  administrative remedies were available, set forth in *Hemphill*, is whether a 'similarly situated individual of ordinary firmness' would have deemed the grievance procedures to be available. 380 F.3d at 688.").

[5] We note that "[e]xhaustion [under the PLRA] is a non-jurisdictional prerequisite." *Small v. Camden County*, 728 F.3d 265, 269 n.3 (3d Cir. 2013)(citing *Woodford v. Ngo*, 548 U.S. 81 (2006)); *see also Jones v. Block*, 549 U.S. 199 (2007) (holding that PLRA exhaustion is an affirmative defense which must be asserted by the defendant, rather than a pleading requirement).